Emilio Nunez, J.
This is a proceeding for the judicial settlement of the first and final account of Harold H. Helm, as trustee under a trust agreement created on September 22, 1961 by Barret Montfort, a Canadian national, as settlor. The corpus of this trust was received and has been held in the County and State of New York, although article “ Seventh” of the trust agreement directs that it shall be administered in accordance with the laws of New Jersey.
The primary purpose of the settlor in establishing the said trust is set forth in article ‘ ‘ First ’ ’ as follows: “ to provide a fund located in the United States from which payments to or for the benefit of the Settlor may be made by the Trustee in order to defray ordinary and extraordinary expenses of the Settlor incurred in the United States.”
Under article “ Second ”, subdivision (A), of the trust agreement, it is provided that the trustee shall collect the income of the trust and shall pay to or apply for the benefit of the settlor the income therefrom and so much of the principal thereof as the trustee in his absolute discretion shall deem necessary or advisable.
It is further provided under subdivision (C) of article “ Second ” that upon the settlor’s death the trustee shall “ pay any obligations incurred by or on behalf of the Trustee for the Settlor’s benefit pursuant to the foregoing provisions of this Article. Thereupon (1) If Harold H. Helm shall then be the Trustee, the Trustee shall, within one year of the death of the Settlor, distribute the balance of the Trust Estate and any net income then on hand to such hospital or hospitals as the Trustee shall determine
Barret Montfort, the settlor and beneficiary of the trust, died on September 1, 1962. Harold H. Helm, the trustee, has filed *89 his final account. The trustee requests a construction of the trust to determine whether certain income which had accrued at the date of the death of the life beneficiary, but was not collectible by the trustee at that date, is distributable to the executors of the settlor’s estate or to the remaindermen of the trust. The respondents, as executors of the last will of said Barret Montfort, maintain that such accrued income is properly payable to the settlor’s estate under the laws of New Jersey which govern the construction and effect of the provisions of said trust agreement and also in accordance with the settlor’s intention as manifested in said trust agreement. The Attorney-Q-eneral of the State of New York has appeared herein pursuant to section 12 of the Personal Property Law and section 113 of the Beal Property Law for the ultimate charitable beneficiaries intended to be benefited; he contends that the income accrued at settlor’s death but not collected by the trustee should be distributed to the remaindermen. The petitioner trustee suggests that such accrued income is distributable to the hospital selected by him.
The issue in this proceeding is whether the accrued income as of the decedent’s death should be paid to the hospital selected by the trustee or to the respondents as executors of the decedent’s last will and testament.
In Commercial Trust Co. of N. J. v. Spiegelberg (117 N. J. Eq. 171, 173-174 [N. J. Ch., 1934]) the court stated the law as follows: “It has long since been held by this court, that equity, as a general rule, will apportion income upon a trust, awarding that accrued prior to the life tenant’s death to his or her estate and that accrued after such death to the remaindermen under the trust * * * But, where the language employed in creating the trust discloses an intention on the settlor’s part to make a different disposition, then that intention, as gathered from the express terms of the trust instrument, and not the general rules of practice, must control the disposition of the interest, income and profits arising from the trust property.”
In Fidelity Union Trust Co. v. Stengel (43 N. J. Super. 513, 521-522 [1957]) the New Jersey Superior Court, Appellate Division, held: “ [I]t seems clear to us that where a testator indicates in his will that he does not want such accrued income to go to the beneficiary’s estate, there should be no reluctance on the court’s part in effectuating his intention.”
Under this trust indenture, article “ Second,” subdivision (C), the settlor directs the trustee, on the death of the settlor, to pay any expenses incurred for settlor’s benefit and then to distribute the balance of the principal and ‘ any net income then *90 on hand ” (italics supplied) to the remaindermen. As the income was to be used for payment of settlor’s ordinary and extraordinary expenses (art. “ First ” of the trust agreement), it is reasonable to conclude that the settlor intended by his use of the words net income then on hand as referring to the balance of the income after the payment of these expenses. Thus it is obvious that the settlor did not intend the income to be paid to his estate. On the contrary, the express terms of the trust agreement supports the conclusion that the settlor’s main concern was with the ultimate recipients. In the light of the foregoing, the court finds and directs that the income accrued at settlor’s death but not collected by the trustee should be distributed to the remaindermen under the trust agreement. The motion is granted.